IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDRES M. HOLLIDAY and ARACELI M. HOLLIDAY, §§§§§ *Plaintiffs*, § § v. § § BANK OF AMERICA, N.A., MORTGAGE § ELECTRONIC REGISTRATION § SYSTEMS, INC., WELLS FARGO BANK § N.A., WELLS FARGO HOME § MORTGAGE, AMERICA'S SERVICING § COMPANY, and DOES 1-50 INCLUSIVE, § § *Defendants*. § | Civil Action No. SA-11-CV-1133-XR |

## ORDER

On this day the Court considered Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, and America's Servicing Company's Motion for Summary Judgment (Doc. No. 13) and Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. No. 14). For the following reasons, both motions are GRANTED.

## Background

Plaintiffs Andres M. Holliday and Araceli M. Holliday ("Plaintiffs") filed this lawsuit on December 30, 2011 in connection with a scheduled foreclosure sale of their property. Plaintiffs assert causes of action under the Racketeering, Influence and Corrupt Organizations Act ("RICO"), the Truth in Lending Act ("TILA") and its implementing regulation, Regulation Z, and the Real Estate Settlement and Procedures Act ("RESPA").

1

Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, and America's Servicing Company filed a motion for summary judgment contending that they are entitled to summary judgment because Plaintiffs' TILA claim is time-barred, because Plaintiffs' RESPA claim is inadequately pled and conclusory, and because Plaintiffs' references to causes of action for common law theft, mail fraud, conspiracy and civil RICO fail to state claims and are not supported by any factual allegations or evidence.

Defendant Bank of America, N.A., filed a separate motion for summary judgment contending that Plaintiffs' claims are barred by res judicata, that Plaintiffs' TILA claim is time-barred, and that Plaintiffs' references to common law theft, mail fraud, conspiracy, and civil RICO fail to state claims and are not supported by any factual allegations or evidence.

To date, Plaintiffs have not filed a response to either motion for summary judgment. There is no indication that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") has been served or that it has made an appearance in this lawsuit.

After scouring the record, the only competent summary judgment evidence that the Court can find is as follows: a declaration of Jennefer A. Batholomew, an Assistant Vice President for Bank of America; a note dated March 21, 2005 that is executed by both Plaintiffs and that identifies the Lender as "WMC Mortgage Corporation"; a deed of trust dated March 21, 2005 that is executed by both Plaintiffs and that identifies the Lender as "WMC Mortgage Corporation"; a declaration of Michael John Dolan, an agent of "Wells Fargo"; and copies of court documents that relate to an action filed by Plaintiffs in state court in 2009 against, among other defendants, BAC Home Loans Servicing. (*See* Defs.' Motions for Summ. J., Doc. Nos.

13-4 – 13-7 and 14-4 – 14-11.)[1] Plaintiffs have also filed a "notice of exhibits for complaint" and mailed a CD to the Court that contains spreadsheets and multiple PDF documents showing copies of various receipts. (*See* Doc. Nos. 18 and 19.) Plaintiffs indicate that the exhibits consist of receipts for materials, supplies, and labor for the construction of a house located at 6629 Kings Crown East, San Antonio, Texas and that the spreadsheets tabulate the receipts. There is also evidence of email correspondence between Plaintiffs and Defendants' counsel concerning the submission of a proposed scheduling order. (*See* Doc. No. 6.)

## Legal Standard

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

---

[1] The copies of court documents include a copy of Plaintiffs' original state court petition in the 2009 case, a copy of an order granting BAC's traditional and no-evidence motions for summary judgment, a copy of an order granting BAC's motion to sever, and a copy of a notice of severance. (*See* Doc. Nos. 14-8 – 14-11.)

## Analysis

### A. Civil RICO Claim

#### Pertinent Factual Background as Alleged in Plaintiffs' Complaint[2]

In September of 2003, Plaintiffs purchased land at 6629 Kings Crown East, San Antonio, Texas for $24,000. Construction of a home on the property began in October of 2003 and was finished in March of 2005. Plaintiffs allege that Plaintiff Andres M. Holliday "did all the construction on the home except for the electrical and plumbing" and that Plaintiff Yolanda Araceli Holliday "contributed to the construction at the rate of $4,000.00 per month for the two years of construction." Plaintiffs contend that the total cost of construction was $290,000. Plaintiffs moved into the home during April of 2005.

Plaintiffs allege that they signed "a Promissory Note and Deed of Trust for a loan with Wells Fargo Home Mortgage Division of Wells Fargo Bank, N.A. but never received any benefit, funds, credit, or money from this loan." Plaintiffs allege that "[u]pon information and belief, the funds were deposited into a bank account that was not owned by the Plaintiffs." Plaintiffs allege that payments were made on the loan for two years and then ceased.[3]

#### Allegations and Arguments

In both motions for summary judgment, Defendants argue that Plaintiffs do not explicitly raise a claim under RICO in the complaint but that, even if they did, the claim

---

[2] In their complaint, Plaintiffs allege different facts to support each of their claims. Accordingly, the Court will provide separate factual background summaries for each cause of action.
[3] In their complaint, Plaintiffs also include information about prior loans they obtained from non-parties. Specifically, Plaintiffs allege that they borrowed $214,000 from Avenue Homebuilders Inc. in April 2003 and that the loan was "released" in May 2004, that a loan was "made" for $188,000 from Construction Financial Services in September 2003 and was "released" in June 2004, and that loans from Bellegio Custom Homes and Lending Builders Company were made in May 2004 and March 2005, respectively, and "released" in August 2007. It is unclear, however, how these loans relate to the present lawsuit.

should be dismissed because Plaintiffs do not allege any facts in support of the claim and have no evidence in support of the claim.

In their complaint, Plaintiffs do explicitly identify the RICO statute. Specifically, Plaintiffs allege that the "primary cause of action in this [c]ase is the common law theft, and misappropriation of funds by mail fraud, conspiracy and [sic] resulting in a claim under 18 U.S.C. [§] 1962, for civil RICO damages." Plaintiffs, however, do not indicate a particular Defendant against which they are asserting their civil RICO claim. The Court will liberally construe the complaint as attempting to assert a civil RICO claim against each Defendant.

**Law and Analysis**

"The Racketeering, Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968, creates a civil cause of action under section 1964(c) against those injured by violations of section 1962(a)-(d)." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 n.1 (5th Cir. 1988). In their simplest terms, sections 1962(a), (b), (c) and (d) state that:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering;
> (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
> (d) a person cannot conspire to violate subsections (a), (b), or (c).

*Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007). "Regardless of subsection, RICO claims under § 1962 have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Id.* at 355 (internal quotation marks omitted). "'Racketeering activity' is defined by reference to various state and federal offenses, each of which subsumes additional

constituent elements which the plaintiff must plead." *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). A pattern of racketeering activity "consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham*, 480 F.3d at 355 (internal quotation marks omitted). "An enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003). "To demonstrate a civil RICO conspiracy, a claimant must show that: (1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012).

The Court finds that Defendants are entitled to summary judgment on Plaintiffs' civil RICO claim for several reasons. First, Plaintiffs have failed to adequately plead their civil RICO claim. Plaintiffs have not indicated a particular section of RICO under which they are bringing this action, Plaintiffs have not identified a particular Defendant against which they are asserting their RICO claim, and Plaintiffs have not pled the elements of any predicate offense. Furthermore, Plaintiffs have failed to point to any evidence in the record, and the Court is not aware of any evidence in record, demonstrating that two or more predicate acts occurred, much less that the acts were related or posed a threat of continued criminal activity. Additionally, Plaintiffs have not pointed to any evidence in record, and the Court is not aware of any evidence in the record, demonstrating that any Defendant is somehow connected to an enterprise. Accordingly, both motions for summary judgment are granted with respect to Plaintiffs' civil RICO claim.

**B. TILA, Regulation Z and RESPA Claims**

**Pertinent Factual Background as Alleged in Plaintiffs' Complaint**

In connection with their TILA and RESPA claims, Plaintiffs allege that, at some unspecified date, they "applied for a first mortgage loan with Wells Fargo Bank" and that "[a]t the purported [c]losing, Plaintiffs entered into a federally regulated mortgage loan transaction at the Root [sic] of this case." Plaintiffs contend that "Wells Fargo ratified this Transaction with ineffective disclosure of mandatory TILA Disclosure Statements and Notices of Right to Cancel."[4] Plaintiffs further allege that "[s]ubsequent to the Closing, the Transaction was assigned an ownership interest [sic] to BAC."

Plaintiffs allege that in September of 2010 they "sent a valid Rescission Notice and Qualified Written Request" to "Wells Fargo."[5] Plaintiffs allege that "Wells Fargo" never responded to the rescission notice or qualified written request. Plaintiffs further allege that after receiving the rescission notice "Wells Fargo" forwarded "monthly statements which reports [sic] derogatory credit information" and that "Wells Fargo" "intentionally refuses to honor a valid rescission, intentionally imposes finance charges and other charges, and intentionally refuses cease and desist [sic] under RESPA." Plaintiffs further allege that "Wells Fargo is now in the process of pursuing a wrongful foreclosure and potential sale of Plaintiffs' Property, including the unlawful imposition of Finance Charges despite having actual knowledge of Plaintiffs' valid rescission of the Transaction."

---

[4] Specifically, Plaintiffs allege that they were provided with copies of a note, a mortgage security instrument, an occupancy affidavit, a "single signed Final Federal Truth in Lending Disclosure Statement, And Itemization of Amount Financed," two signed copies of a "Notice of Right to Cancel," a HUD-1 settlement statement, a "First Payment Information Letter," and a copy of a "Uniform Residential Loan Application with a HUD/VA Addendum."

[5] In their complaint, Plaintiffs state that a copy of the rescission notice and qualified written request is attached to the complaint as "Exhibit 2." However, no exhibits are attached to the complaint and the Court is not aware of any rescission notice or qualified written request elsewhere in the record.

**1. TILA and Regulation Z Claims Against Bank of America, Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage**

   **Allegations and Arguments**

In the "Claims for Relief" section of the complaint, Plaintiffs assert a "rescission claim" against Bank of America and "Wells Fargo"[6] under the TILA and Regulation Z. In connection with their claim, Plaintiffs allege that "Wells Fargo's failure to credit this account and invalidate the security instrument while imposing finance charges and fees is wrongful, improper, and a serious breach of fiduciary duty associated with their [sic] obligations." Plaintiffs further allege that "[t]he single TILA Disclosure Statement, two total copies of Notice of Right to Cancel, including all disclosure documents issued and requested by Plaintiffs [in] conjunction with this consumer credit transaction violated the requirements of TILA; Reg. Z" by 1) "failing to provide all required disclosures prior to consummation of the transaction"; 2) "failing to make required rescission disclosures 'clearly and conspicuously' in writing"; and 3) "failing to provide and accurately disclose sufficient number [sic] of Notice of Right to Cancel." Plaintiffs allege that they are entitled "to a recoupment of statutory and actual recoveries under 15 U.S.C. [§] 1640(e) and a reasonable attorney fee."

In both motions for summary judgment, Defendants argue that Plaintiffs' claim under the TILA is time-barred. Defendants contend that an action to recover monetary damages under the TILA has a one-year statute of limitations that commences upon closing or consummation of the loan transaction. Defendants further contend that a borrower has no right

---

[6] While the heading of Plaintiffs' claim is titled "Count 1-TILA; Reg. Z Rescission Claim Against Bank of America," the allegations relating to the claim refer almost exclusively to "Wells Fargo" rather than to Bank of America. It is therefore unclear whether Plaintiffs are asserting their rescission claim against Defendant Bank of America, Defendant Wells Fargo Bank, N.A., or Defendant Wells Fargo Home Mortgage. The Court will liberally construe the complaint as alleging the claim against all three Defendants.

to rescind beyond three years of the consummation of the transaction. Defendants therefore contend that they are entitled to summary judgment on Plaintiffs' TILA claim because summary judgment evidence establishes that the loan closed on March 21, 2005 and Plaintiffs brought this action on December 30, 2011, over six years after consummation of the loan transaction.

**Law and Analysis**

The TILA, codified at 15 U.S.C. §§ 1601-1667f, and Regulation Z, 12 C.F.R. § 226, impose certain disclosure requirements on creditors and 15 U.S.C. § 1640 provides for a private right of action against a creditor who fails to comply. An action for damages under section 1640 is subject to a one-year limitations period. *See* § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

When a party requests relief under the TILA in the form of rescission, the applicable limitations period is three years. *See* § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) ("We respect Congress's manifest intent by concluding that the [TILA] permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."). The three-year limit on the right to rescind is not subject to equitable tolling. *See Beach*, 523 U.S. at 417; *Lowery v. Capital One Mortg.*, 429 F. App'x 377, 378 (5th Cir. 2011).

A violation "occurs," and thus the limitations period begins to run, when the transaction is consummated. *Moor*, 784 F.2d at 633. A credit transaction is consummated "at the moment" when a contractual relationship is created between a creditor and a customer. *Id.*

Defendants have produced copies of a note and deed of trust that were executed by both Plaintiffs in May of 2005. Plaintiffs filed their complaint on December 30, 2011. Thus, to the extent that Plaintiffs' TILA and Regulation Z claim is predicated on this mortgage loan, Plaintiffs' claim is time barred by the TILA's one- and three-year limitations periods.[7] There is no evidence of any other mortgage loan that could form the basis of this lawsuit. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' TILA and Regulation Z claim.

## 2. RESPA Claim Against Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage[8]

### Allegations and Arguments

Plaintiffs assert a RESPA claim against "Wells Fargo," which the Court will liberally construe as asserting a RESPA claim against both Defendant Wells Fargo Bank, N.A. and Defendant Wells Fargo Home Mortgage. Plaintiffs allege that "Wells Fargo" violated 12 U.S.C. § 2605(e) in several ways. Specifically, Plaintiffs allege that "Wells Fargo" violated § 2605(e)(2) by "refusing to cease its collection efforts after receiving the Plaintiffs' QWR and valid rescission notice"; that "Wells Fargo" violated § 2605(e)(2)(A) "by failing to make

---

[7] Plaintiffs' allegation that they sent a "Rescission Notice and Qualified Written Request" to "Wells Fargo" in September of 2010 does not avail them because even the notice, of which there is no evidence in the record, was allegedly sent after the applicable limitations periods had run.

[8] In its motion for summary judgment, Bank of America contends that Plaintiffs do not allege a RESPA claim against Bank of America. The Court agrees. Plaintiffs' RESPA claim is titled "Count 3- RESPA Claims Against Wells Fargo" and Plaintiffs almost exclusively refer to "Wells Fargo" when describing the alleged violations of RESPA. It is true that Plaintiffs make one isolated reference to Bank of America in the RESPA section of the complaint as follows: "Plaintiffs' RESPA claims, including Bank of America's continuing failure to provide mandatory material disclosures, are so closely related to the Transaction, that they form the same basis and subject of claims set forth herein." However, even if liberally construed, this sporadic reference to Bank of America, which is nested within a slew of references to "Wells Fargo," is insufficient for the Court to infer that Plaintiffs are attempting to assert a claim against Bank of America under RESPA.

appropriate corrections to the Plaintiffs' account in response to the QWR and valid Rescission Notice, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to Plaintiffs"; that "Wells Fargo" violated § 2605(e)(2)(C) by "failing to provide the Plaintiffs with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the Plaintiffs' QWR"; and that "Wells Fargo" violated § 2605(e)(3) by "providing information to consumer reporting agencies regarding overdue payments allegedly owed by the plaintiffs' [sic] that are materially related to their QWR."

In their motion for summary judgment, Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage contend that Plaintiffs' RESPA claim is unfounded and inadequately pled. Defendants contend that there is no evidence to support Plaintiffs' allegation that Plaintiffs sent a valid "Rescission Notice and Qualified Written Request" to "Wells Fargo" in September of 2013. Defendants also contend that, even if Plaintiffs could prove that they sent a qualified written request, Defendants were under no legal obligation to respond in writing because Defendants did not service the mortgage in 2010.

**Law and Analysis**

RESPA, codified at 12 U.S.C. §§ 2601-2617, confers a duty on a loan servicer to respond to a "qualified written request"[9] from a borrower by certain deadlines. *See* § 2605(e); *see also Oden v. JPMorgan Chase Bank, N.A.*, Civ. No. H-12-0861, 2012 WL 1610782, at *2

---

[9] A qualified written request is defined as:
> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

§ 2605(e)(1)(B).

11

(S.D. Tex. May 8, 2012). For a defendant to be liable under § 2605(e), the plain language of the statute requires that the defendant be a loan "servicer," see § 2605(e)(1)-(4),[10] and that the defendant have received a qualified written request. *See, e.g.*, § 2605(e)(1)(A) ("If any servicer . . . receives a qualified written request from the borrower . . . the servicer shall . . . ."); *Starnes v. J.P. Morgan Chase Bank*, No. 4:12-CV-711-A, 2013 WL 1286655, at *2-3 (N.D. Tex. March 27, 2013) (dismissing the plaintiff's RESPA claim where the plaintiff failed to allege that her qualified written request complied with the statutory requirements). Federal courts have also held that a plaintiff must show that he suffered actual damages from the defendant's failure to comply with RESPA. *See Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012) (per curiam); *Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-086-K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006); *see also* § 2605(f)(1)(A) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for . . . any actual damages to the borrower as a result of the failure . . . .").

Here, the Court finds that Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage are entitled to summary judgment on Plaintiffs' RESPA claim for several reasons. First, there is no evidence in the record that either Wells Fargo Bank, N.A. or Wells Fargo Home Mortgage was ever the loan servicer of Plaintiffs' loan. To the contrary, Defendants have produced evidence showing that neither Wells Fargo Bank, N.A. or Wells Fargo Home

---

[10] Section 2605(e), which is titled "Duty of loan servicer to respond to borrower inquiries," only confers duties upon a "servicer." *See* § 2605(e)(1)(A) ("If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . ."); § 2605(e)(2) ("Not later than 30 days . . . after the receipt from any borrower of any qualified written request . . . the servicer shall . . . ."); § 2605(e)(3) ("During the 60-day period beginning on the date of the servicer's receipt . . . of a qualified written request . . . a servicer may not . . . ."). A "servicer" is defined as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." § 2605(i)(2).

Mortgage serviced the loan.[11] Furthermore, there is no evidence in the record that Plaintiffs sent a qualified written request to Wells Fargo Bank, N.A., to Wells Fargo Home Mortgage, or to any other entity. Finally, there is no evidence of any actual damages that Plaintiffs suffered as a result of the alleged RESPA violation. Accordingly, Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage are entitled to summary judgment on Plaintiffs' RESPA claim.

### C. References to Common Law Theft, Mail Fraud, and Conspiracy

In both motions for summary judgment, Defendants contend that Plaintiffs' references to common law theft, mail fraud, and conspiracy do not state claims because Plaintiffs never explicitly raise any of the claims in their complaint, Plaintiffs do not support any of the claims with factual allegations, and Plaintiffs have no evidence to support any of the claims.

In their complaint, Plaintiffs only refer to common law theft, mail fraud, and conspiracy in connection with their civil RICO claim. Some statements make it unclear as to whether Plaintiffs are attempting to assert independent causes of action for common law theft, mail fraud, and conspiracy in addition to their cause of action under RICO.[12] However, several factors establish that Plaintiffs are not attempting to assert independent causes of action for theft, mail fraud, and conspiracy. First, Plaintiffs do not explicitly assert any of these causes of action anywhere in the body of the complaint. Most tellingly, Plaintiffs do not include any of these causes of action in the "Claims for Relief" section of the complaint. Furthermore, express language in the body of the complaint shows that the allegations of theft, mail fraud, and conspiracy are offered solely as predicates for a cause of action under RICO. Specifically,

---

[11] *See* Decl. of Michael John Dolan, Doc. No. 13-7.
[12] The complaint is titled in part "COMPLAINT FOR THEFT, MAIL FRAUD, CONSPIRACY CIVIL RICO," a heading in the complaint states "PRELIMINARY STATEMENT FOR COMMON LAW THEFT, MAIL FRAUD, CONSPIRACY AND CIVIL RICO," and another heading states "STATEMENT OF FACTS FOR COMMON LAW THEFT, MAIL FRAUD, CONSPIRACY, AND CIVIL RICO."

in their complaint, Plaintiffs allege that the "primary cause of action in this [c]ase is the common law theft, and misappropriation of funds by mail fraud, conspiracy and [sic] *resulting in a claim under 18 U.S.C. [§] 1962, for civil RICO damages.*" (Complaint at 1) (emphasis added). Accordingly, the Court finds that Plaintiffs are not asserting independent causes of action for common law theft, mail fraud, and conspiracy.[13]

**D. No Cause of Action Asserted Against America's Servicing Company**

Plaintiffs' complaint, even liberally construed, does not assert a cause of action against Defendant America's Servicing Company. Indeed, the only two references to America's Servicing Company in the complaint are in the caption of the complaint and in the section of the complaint titled "parties." Accordingly, America's Servicing Company is entitled to summary judgment.

**Conclusion**

Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, and America's Servicing Company's motion for summary judgment (Doc. No. 13) is GRANTED.

Defendant Bank of America's motion for summary judgment (Doc. No. 14) is GRANTED.

Defendants' Unopposed Motion to Stay Proceedings or Alternatively to Amend Scheduling Order (Doc. No. 21) is DISMISSED AS MOOT.

Defendant MERS has not been served or otherwise appeared in this case and well over 120 days have passed since the complaint was filed. Accordingly, Defendant MERS is DISMISSED WITHOUT PREJUDICE.

---

[13] Even if Plaintiffs were asserting such causes of action, Defendants would be entitled to summary judgment on the claims because Plaintiffs have failed to adequately plead the claims and the Court is not aware of any evidence in the record supporting the claims.

The Clerk is directed to enter judgment that Plaintiffs take nothing. Defendants are awarded their costs of court and must file a Bill of Costs in the form required by the Clerk of Court within fourteen days of the judgment.

It is so ORDERED.

SIGNED this 19th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE