## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRES M. HOLLIDAY and<br>ARACELI M. HOLLIDAY, | § <br> § <br> § | |
| *Plaintiffs*, | § <br> § | Civil Action No.  SA-11-CV-1133-XR |
| v. | § <br> § | |
| BANK OF AMERICA, N.A., MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., WELLS FARGO BANK,<br>N.A., WELLS FARGO HOME<br>MORTGAGE, AMERICA'S SERVICING<br>COMPANY, and DOES 1-50 INCLUSIVE, | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| *Defendants*. | § | |

## ORDER

On this day the Court considered Plaintiffs' Objection to Summary Judgment (Doc. No. 24). Plaintiffs' motion asks the Court to vacate its order granting Defendants' motions for summary judgment, vacate the Clerk's entry of judgment, and set this matter for a hearing. Because Plaintiffs' motion was filed within twenty-eight days after the Clerk's entry of final judgment, the Court will construe their motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). To be

entitled to relief under Rule 59(e), a movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Here, Plaintiffs argue that the Court improperly ruled on Defendants' motions for summary judgment without setting a hearing on the motions. However, contrary to Plaintiffs' contention, the Court was not required to set a hearing. *See* Local Rule CV-7(h) ("The allowance of an oral hearing is within the sole discretion of the court."). Plaintiffs also fail to establish that the absence of a hearing—which had not even been requested—somehow resulted in the entry of an incorrect judgment. Indeed, Plaintiffs have not shown how anything that they would have said or presented at the hearing would have compelled a different holding on either motion for summary judgment.

The Court further notes that Plaintiffs wholly failed to file a response to either motion for summary judgment. Although proceeding *pro se*, Plaintiffs still had an obligation to file responses to the motions for summary judgment within fourteen days after the motions were filed. *See* Local Rule CV-7(e)(1)-(2) ("Any party opposing a motion shall file a response and supporting documents as are then available. . . . A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Plaintiffs have not offered a sufficient explanation for their failure to diligently pursue their case and comply with their obligations under the Local Rules.[1]

---

[1] In their motion, Plaintiffs contend that they "have been waiting for the Defendant's [sic] to give a Notice of Hearing, so there would be a time certain when the discovery by the Plaintiff's [sic] would be able to be summarized to that point for the Court, by Opposing Affidavit." (Doc. No. 24 at 2.) Liberally construed,

Plaintiffs have attached nearly seventy pages of exhibits to their motion, including a modification and extension agreement with an effective date in November of 2004, a transfer of lien executed in November of 2004, an unexecuted settlement statement from the U.S. Department of Housing and Urban Development showing a settlement date in March of 2005, a deed of trust executed by Plaintiffs in March of 2005, a mortgagee title insurance policy dated in March of 2005, two releases of liens executed in August of 2007, a list of expenses that were allegedly incurred for materials, supplies, and labor associated with the construction of a home on property located at 6629 Kings Crown East, San Antonio, Texas, and a list demonstrating the sources where Plaintiffs allegedly obtained the funds for the construction. However, Plaintiffs do not explain how these exhibits support, or even relate to, their causes of action. Nor do Plaintiffs explain why any of these exhibits compels a different holding on either of the motions for summary judgment or why Plaintiffs were unable to offer these exhibits to the Court before the entry of final judgment.

Accordingly, the Court finds that Plaintiffs have failed to identify a manifest error of law or fact or present newly discovered evidence demonstrating that the judgment that was entered in this case is incorrect. As a result, Plaintiffs' Objection to Summary Judgment, which the Court construes as a motion to alter or amend judgment under Rule 59(e) (Doc. No. 24), is DENIED.

---

Plaintiffs' statement could be viewed as a contention that they did not file responses to the motions for summary judgment because they were waiting for the Court to set a hearing on the motions instead. However, even when liberally construed, Plaintiffs' contention is unavailing because Plaintiffs do not explain why they did not request a hearing themselves, why they did not file their "Opposing Affidavit" with the Court in a timely manner, or why they believed that a hearing would excuse them from complying with their obligations under the Local Rules.

SIGNED this 23rd day of July, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE